IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERRY SAMPSON                                                    PLAINTIFF

vs.                                   Civil No. 6:09-cv-06010

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

## <u>MEMORANDUM OPINION</u>

Terry Sampson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for a

period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

## 1. <u>Background:</u>

Plaintiff filed his DIB application on September 16, 2004.  (Tr. 18, 49-51).   In this

application, Plaintiff alleged an onset date of June 2, 2004.  *See id.*  Plaintiff alleged he was disabled

due to memory loss, foot pain, back pain, and neck pain that resulted from an auto accident.  (Tr.

175-177).   This application was initially denied on February 2, 2005 and was denied again on

reconsideration on August 16, 2005.  (Tr. 31-33).  On August 23, 2005, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

administrative hearing on his application.  (Tr. 45).  This hearing request was granted, and a hearing

on this matter was held on September 27, 2006 in Hot Springs, Arkansas.  (Tr. 171-193).  Plaintiff

was present and was represented by counsel, Charles Padgham, at this hearing.  *See id.*  Only

Plaintiff testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was forty-three (43)

years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c)(2008), and had

completed the ninth grade in high school and obtained vocational training in auto mechanics.  (Tr.

174).

On May 12, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application

for DIB.  (Tr. 18-27).  In this decision, the ALJ determined Plaintiff met the insured status

requirements of the Act through June 30, 2009.  (Tr. 20, Finding 1).  The ALJ determined Plaintiff

had not engaged in Substantial Gainful Activity ("SGA") since June 2, 2004, his alleged onset date.

(Tr. 20, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: foot pain

due to bilateral plantar fasciitis.  (Tr. 20-23, Finding 3).  The ALJ, however, also determined Plaintiff

did not have an impairment or a combination of impairments listed in, or medically equal to one

listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").

(Tr. 23, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr.24-26).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements

of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not fully

credible.  *See id.*  Second, the ALJ determined, based upon this review of Plaintiff's subjective

complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to

perform a full range of sedentary work.  (Tr. 24-26, Finding 5).  "Sedentary work" includes the

following:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.15679(a).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 26, Finding 5). The ALJ found Plaintiff had PRW as an auto mechanic, and the ALJ classified this work as heavy. *See id.* Based upon his RFC, the ALJ determined Plaintiff would be unable to perform his PRW. *See id.* The ALJ then evaluated whether Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 26-27). In making this determination, the ALJ used Plaintiff's age, education, past work experience, and RFC and applied the Medical-Vocational Guidelines (the "Grids"). *See id.* In applying the Grids, the ALJ determined Medical-Vocational Rule 201.19 directed a finding of "Not Disabled." *See id.* The ALJ then determined Plaintiff was not disabled, as defined by the Act, at any time from June 2, 2004 (Plaintiff's alleged onset date) through May 12, 2007 (the date of the ALJ's decision). (Tr. 27, finding 9).

On May 15, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 14). *See* 20 C.F.R. § 404.968. On January 13, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On January 30, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 23, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

3

2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred in assessing the credibility of his subjective complaints and (2) the ALJ erred by finding he retained the ability to perform his PRW.[2] (Doc. No. 6, Pages 2-7). In response, Defendant argues that the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally-sufficient reasons and correctly determined that Plaintiff retained the ability to perform the full range of sedentary work. (Doc. No. 7, Pages 3-9).

---

[2] Plaintiff argues that the ALJ erred by finding he could perform his PRW. *See id.* Specifically, Plaintiff argues the following: "The finding of the Administrative Law Judge that the Plaintiff is able to perform his past relevant work is preposterous." *See id.* The ALJ *did not* find Plaintiff could perform his PRW. (Tr. 26, Finding 5). Instead, the ALJ found Plaintiff could find other work existing in significant numbers in the national economy. (Tr. 26, Finding 8). As such, this Court will not address this issue any further.

With his first argument for reversal, Plaintiff claims that the ALJ should have accepted his subjective complaints of pain and found him to be disabled. (Doc. No. 6, Pages 2-7). Plaintiff argues that his testimony, the testimony of the VE[3], and "all medical evidence provided by Plaintiff's treating physicians" support his alleged pain. *See id.* In his appeal brief, Plaintiff does not provide references to any specific medical records supporting his claims. As such, it is difficult to determine which medical records support his claims. This Court, however, has independently reviewed the record in this case and, as outlined below, finds the ALJ did not err by discounting Plaintiff's subjective complaints of disabling pain.

### A.  Credibility Determination

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d

---

[3] The VE did not actually provide any testimony. (Tr. 171-193). Only Plaintiff testified at the administrative hearing. *See id.*

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

6

969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In his opinion, the ALJ analyzed the *Polaski* factors and noted the following:  (1) none of Plaintiff's physicians placed limitations on his daily activities; (2) Plaintiff had a weak work history and reported minimal earnings throughout the 1990s; (3) Plaintiff's testimony regarding his use of Ibuprofen was inconsistent with the records from his treating physician, Dr. LaCava; and (4) Plaintiff's symptoms were not accurately reported to his physicians, Dr. Boyd and Dr. Honghiran. (Tr. 25-26).  Also, the ALJ noted the following regarding the observations of Dr. Boyd: "Dr. Boyd was not impressed with the sincerity of his pain movements. . . . The claimant appeared to tailor his body language to the type of physician he was seeing on a particular day." (Tr. 26).  These findings are sufficient to satisfy the requirements of *Polaski*.    Accordingly, the ALJ's credibility

7

determination is entitled to deference and should be affirmed.  *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we [the Eighth Circuit] will normally defer to the ALJ's credibility determination").

### B.    Plaintiff's Medical Records

Further, this Court has reviewed Plaintiff's medical records and finds they are consistent with the ALJ's disability determination.  Plaintiff's physicians recognized that he suffers from some degree of foot pain due to plantar fasciitis.  (Tr. 89, 135, 138, 143-147, 165).  Despite this foot pain, however, Plaintiff still only receives conservative treatment.[5]   (Tr. 143-147).  Such conservative measures included foot injections, changes in footwear, soaking, icing, and stretching.  (Tr. 143, 147).  This conservative treatment indicates Plaintiff's foot pain is not as severe as he alleges.  *See Black v. Apfel,* 143 F.3d 383, 386 (8th Cir. 1998) (noting that a conservative course of treatment indicates that an impairment may not be as severe as alleged).  Also, even if this foot pain *were severe*, there is no evidence in the record indicating Plaintiff would be unable to perform sedentary work with such foot pain.  Sedentary work is primarily characterized by *sitting* which would place no more stress on his foot than being in any other position (such as reclining).  *See* 20 C.F.R. § 404.15679(a).

Some of Plaintiff's physicians have also recognized that he suffers from back pain.  (Tr. 73, 84).  There is, however, no evidence that Plaintiff's back pain ever persisted or in any way limited

---

[5] Plaintiff reported to the doctor that he only sought conservative treatment because he could not afford surgery.  (Tr. 143).  Plaintiff, however, has not demonstrated that he had been denied medical care due to his inability to pay and has not demonstrated that no low-cost or free medical treatment was available to him. *See Murphy v. Sullivan,* 953  F.2d 383, 386-87 (8th Cir. 1992) (holding that the claimant's broad claim that he or she cannot afford medical care is not sufficient to show that he or she was unable to obtain that treatment).  Therefore, this argument is not persuasive.

Plaintiff's RFC.  There is also no evidence that any of Plaintiff's physicians placed restrictions on him due to this back pain or that this back pain would cause him to be unable to perform sedentary work.  Therefore, this Court finds Plaintiff's medical records are consistent with the ALJ's disability determination and affirms the ALJ's disability determination.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of May, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE